## SCOTT v. JACKSON.

(Court of Civil Appeals of Texas. San Antonio. April 17, 1912. Rehearing Denied May 22, 1912.)

1. MONEY RECEIVED (§ 1*)—GROUNDS OF RECOVERY.

Plaintiff gave a check to a real estate broker for an option to purchase a house owned by defendant, the check to go toward the price if plaintiff purchased, and to be returned if she decided not to buy, as she did. The broker gave part of the proceeds of the check; but defendant denied that the broker was his agent, or that he had ratified the broker's act in obtaining the check. Held, that defendant was liable to plaintiff for the amount received, whether the broker was his agent or agent of the plaintiff, since, if the broker was agent for defendant, he was bound by the agreement to return the check; and, if agent for plaintiff, there was no consideration for the money received, as plaintiff got nothing for it.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. NEW TRIAL (§ 102*)—GROUNDS—ABSENCE OF WITNESSES—DISCRETION OF TRIAL COURT.

Where a defendant, who knew from the petition the importance of a third person's testimony, did not seek a continuance to obtain his evidence, nor show diligence to obtain it, a motion for new trial on the ground of the absence of the third person was addressed to the discretion of the trial court; and its denial was not an abuse of discretion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by Nellie Jackson against Earl D. Scott and others. From a judgment for plaintiff, defendant named appeals. Affirmed.

J. D. Dodson, of San Antonio, for appellant. Bertrand & Arnold and R. S. Cozly, all of San Antonio, for appellee.

FLY, J. Appellee sued W. W. Wharton, H. D. Holland, appellant, and Gertrude Scott, his wife, to recover $300, alleging that on or about September 1, 1909, Holland tried to sell appellee certain property on Garden street, city of San Antonio, and persuaded her to deliver to him a check for $300, made payable to the Wharton Company, a firm composed of W. W. Wharton and H. D. Holland, with the agreement that she could inspect the property, belonging to Earl D. Scott and Gertrude Scott, and determine whether she would purchase it, and if she

did not want the property the check should be returned to her, but if she decided to purchase the check might be used as earnest money; and that she decided she did not want the property, and demanded her check, and it was refused. She further alleged that the check was cashed by Wharton, and the money was by him delivered to appellant and his wife. The cause was tried by jury, which returned a verdict in favor of appellee as against the Wharton Company, Holland, and appellant and wife for the sum of $150, with 6 per cent. interest from December 3, 1909, and in favor of appellee as against the Wharton Company and Holland for the remaining $150 of the $300, with interest, and in favor of Gertrude Scott. Only Scott has appealed.

The uncontroverted facts are that appellee contemplated buying a home in San Antonio, and went to see Holland, a real estate agent, about it. They spoke of a house at 228 Garden street, and Holland claimed to have it for sale, and that its price was $4,700, of which $1,000 would be cash. Appellee stated: "I gave Mr. Holland a check for $300, and if I bought the place the $300, evidenced by the check, was to be used as part of the purchase price; if I decided not to purchase, Mr. Holland promised to return the check to me. I had confidence in Mr. Holland at that time, and he told me that the check should be written, payable to Wharton Company, for the $300, and that Mr. Wharton had a large safe in his office, and was honest and reliable, and the check would be absolutely safe there." She further testified: "I never gave this check as earnest money at all. I never agreed to purchase the place." She swore positively that she did not authorize Holland to write on the check, "Guarantee on 228 Garden street," and, although he wrote it in her presence, she did not understand the meaning of it. She never met Scott or his wife until the trial, and had no dealings with them. Appellant testified that he collected $150 from the Wharton Company and Holland, being half of the money realized from the check given by appellee. He stated that the property had never been listed with them for sale, and he never agreed to pay them any commission; but they gave him a receipt for $150 as commissions on the sale to appellee, which sum came out of appellee's check. Appellant testified: "I knew at the time I received the $150 and settled with Wharton Company that Mrs. Jackson claimed Wharton should return her the money; but I was accepting it because I understood that it belonged to my wife for an option she had given."

[1] The first and second assignments claim error, in that the court did not present the question of whether Holland was the agent for appellee or the agent for appellant. The court did fully present the question as to whether Holland was act-

ing for appellee in procuring the option, and it was also presented in a charge asked by appellant and given by the court; and there is no foundation for that portion of the complaint. As appellant and wife denied that Holland had any agency to sell their place, there can be no ground for complaint on the other score. There was no evidence to justify a charge as to Holland being their agent; and they had pleaded that "they at no time authorized or empowered either defendants W. W. Wharton or H. D. Holland to act as their agents, nor ratified any acts done by them or either of them, but at all times negotiated with them as the agents of plaintiff." How appellant could have been injured by a failure of the court to submit the question as to whether Holland was his agent or not is not made to appear. The uncontroverted evidence demonstrated that Holland was not acting for appellee in obtaining an option from Mrs. Scott, and that it was done without her knowledge or consent. She had no dealings in any way, directly or indirectly, with Mrs. Scott or appellant; and they could acquire no right to her money through a contract made between them and Holland, no matter what they may have thought about his authority to bind her.

If the court had concluded that Holland was the agent of appellant and wife in his dealings with appellee, he should have instructed the jury that if Holland agreed to return the $300, if appellee did not purchase the property, appellant and wife would be bound by that agreement; and that the jury should return a verdict against them for that sum. Such a promise would have been directly within the scope of the agency of Holland, if there was any agency.

The charge of the court presented every issue made by the evidence; and the court did not err in refusing the special charges which were not given. If Holland was appellant's agent, then the money should be returned to appellee; and, if he was not the agent of appellant, then there is no ground upon which he should retain appellee's money. He has given nothing for it, and she has received nothing for it.

[2] The testimony of Holland could not be classed as newly discovered. Appellant must have known, from the allegations of the petition, the importance of having Holland's testimony; and he should have shown more diligence in endeavoring to obtain it. Appellant did not seek a continuance to obtain the evidence of Holland, although charged with notice of the importance of his testimony. The matter was addressed to the discretion of the trial judge; and there is nothing to indicate an abuse of the discretion confided in him. Mitchell v. Bass, 26 Tex. 372; Railway v. Sciacca, 80 Tex. 350, 16 S. W. 31.

The paper which Mrs. Scott executed was not given after she had seen the check, be-

147 S.W.—22

cause it was not given until the next day; and the contents of the check had nothing to do with influencing the execution of the option.

Appellant devotes most of his brief to the question of agency; but, as before stated, the law of agency, under the facts, can have no application, unless it should bind appellant and wife by the promises made by Holland to appellee.

The judgment is affirmed.