JEWETT STATE BANK v. CORSICANA NAT. BANK et al. (No. 7106.)

(Court of Civil Appeals of Texas. Dallas. May 23, 1914. Rehearing Denied June 13, 1914.)

1. TRIAL (§ 143*) — QUESTIONS OF LAW OR FACT—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.

It was proper for the trial court to direct a verdict, though the evidence was conflicting, where the conflicts were immaterial or could not affect the result.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

2. PAYMENT (§ 85*)—RECOVERY—DOUBLE PAYMENT OF DEBT.

Where defendant bank, acting for and by authority of a shipper of cotton seed, and on information received from him, collected twice from plaintiff oil company a debt it owed such shipper for seed delivered to it, the bank was in possession of money of the oil company which in equity and good conscience it ought not to keep; and hence the oil company or its assignee was entitled to recover the same in a suit for money had and received, which remedy was not affected by the various agencies, ramifications, or means by which the result was accomplished.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 272–281; Dec. Dig. § 85.*]

3. PAYMENT (§ 89*)—RECOVERY—DOUBLE PAYMENT OF DEBT.

Where plaintiff oil company paid to defendant bank its debt to a shipper of cotton seed to the oil company, and the bank used the bill of lading, which it should have surrendered to the oil company, as a means of collecting a second time for the same debt, the oil company, after having received the seed, being required to take up the bill of lading then in the hands of another, its act in so doing only amounted to the performance of a legal duty, and hence operated as an equitable assignment of or a subrogation to any claim the owner of the bill had against the bank to recover the second payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 291–296; Dec. Dig. § 89.*]

4. ACTION (§ 38*)—CAUSES OF ACTION—MISJOINDER.

Where, plaintiff oil company having paid to defendant bank its debt to a shipper of certain cotton seed, the bank used the bill of lading, which it should have surrendered to the oil company, as a means of collecting a second time for the same debt, whereupon the oil company took up the bill of lading from the holder and brought suit against the bank, as for money had and received, to recover the second

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

payment, the fact that plaintiff set up all the facts showing its ownership of the draft attached to the bill of lading and the second payment of the money under mistake did not indicate a misjoinder of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. § 38.*]

5. BANKS AND BANKING (§ 140*)—DRAFTS— ACCEPTANCE.

Where a draft on which plaintiffs' cause of action was based was not drawn against a fund on deposit with defendant bank belonging to plaintiff company, but was a transfer of a debt and a demand for its payment, the rule that a bank is not liable on a check drawn against a deposit which the bank has never accepted had no application.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 380–392, 394–397; Dec. Dig. § 140.*]

Error from Navarro County Court; J. M. Blanding, Judge.

Action by the Corsicana National Bank and the Corsicana Cotton Oil Company against the Jewett State Bank. Judgment for plaintiffs, and defendant brings error. Affirmed.

B. D. Dashiell, of Jacksonville, and J. S. Callicutt, of Corsicana, for plaintiff in error. McClellan & Prince, of Corsicana, for defendants in error.

RASBURY, J. In the court below the county judge, at the conclusion of the testimony in this controversy, directed the jury to return verdict in favor of Corsicana National Bank against the Corsicana Cotton Oil Company and the Jewett State Bank, jointly, for the principal of the debt sued for, together with interest and certain protest fees, and in favor of Corsicana Cotton Oil Company against Jewett State Bank for like amount, which the jury did, and upon which verdict judgment was entered accordingly, except it provided that, if the Jewett State Bank paid the judgment in favor of Corsicana National Bank, such payment should operate as satisfaction of the judgment against it in favor of Corsicana Cotton Oil Company; and from which judgment this appeal is prosecuted.

We deduce from the evidence, upon which said judgment is based, in substance, the following essential and undisputed facts: L. A. Dunagan, a merchant at Donie, delivered to the railway company at that point a car of cotton seed consigned to the order of L. A. Dunagan, Corsicana, notify Corsicana Cotton Oil Company, to whom the seed had been sold. Such a bill of lading was issued by the railway company and delivered to Dunagan. The car of seed was transported to Corsicana and there delivered by the railway company to Corsicana Cotton Oil Company, whose agents weighed and unloaded same before receiving bill of lading, and ascertained that at the agreed price the amount to be paid Dunagan was $392.50. A draft for that amount in favor of Corsicana National Bank and against the Corsicana Cotton

Oil Company was prepared by the latter company and sent to Dunagan, with instructions for him to sign and collect same in due course of business. When Dunagan forwarded the seed to Corsicana Cotton Oil Company, he received from the railway company a bill of lading evidencing the shipment, which he sent to Jewett State Bank, to whom he was indebted in a large sum, and who received the bill of lading the day after the car was shipped. Jewett State Bank attached the bill of lading so received to draft for $401 against Houston County Oil Mill & Manufacturing Company in favor of L. A. Dunagan, signing Dunagan's name thereto, and collected the money, crediting Dunagan therewith. After Dunagan sent the bill of lading to Jewett State Bank, he received the draft sent him by Corsicana Cotton Oil Company in payment of the same car of seed, which he also sent to Jewett State Bank. Upon receipt of the draft prepared by the Corsicana Cotton Oil Company, the Jewett State Bank attempted to collect the amount thereof through another draft drawn upon Corsicana Cotton Oil Company in its favor, instead of the one in favor of Corsicana National Bank, and to which it signed Dunagan's name; but, because it bore exchange, it was not paid. The Jewett State Bank then signed Dunagan's name to the draft prepared by the Corsicana Cotton Oil Company, erased the name of Corsicana National Bank, to whom the draft was payable, inserted its own name as payee, and sent same to Lumbermen's National Bank of Houston for collection. The draft was paid, and the money placed to the credit of Dunagan by the Jewett State Bank. The bill of lading and the draft sent Dunagan by Corsicana Cotton Oil Company showed that each was in payment of the same car of seed. The Jewett State Bank signed Dunagan's name to both, and acted for him in collecting same, and used the money to discharge that much of Dunagan's indebtedness to the bank. The Houston County Oil Mill & Manufacturing Company, assuming that Dunagan, from whom it had bought cotton seed, had shipped them the seed covered by the bill of lading attached to the draft, paid it, and, when it ascertained that the seed had been delivered to Corsicana Cotton Oil Company, demanded of that concern the amount paid out for the bill of lading, which was refunded by the Corsicana Cotton Oil Company, and the draft and bill of lading was by it indorsed and assigned to Corsicana Cotton Oil Company, with all claims against Jewett State Bank arising by reason of the transaction. The Corsicana Cotton Oil Company drew a draft for the amount of its claim arising upon the facts stated against Jewett State Bank, and transferred same to Corsicana National Bank, and guaranteed the payment of same by indorsement. Payment of the draft was refused when pre-

sented to Jewett State Bank, following which protest was made and suit filed by Corsicana National Bank against Jewett State Bank and Corsicana Cotton Oil Company, and resulting, as we have said, in a verdict directed by the court.

[1, 2] We are of opinion that under the undisputed facts in this case the trial court did not err in directing the verdict he did, since, if it can be said that there are conflicts in the testimony, such conflicts are immaterial or cannot affect the result. Stripped of all details, the record discloses that the Jewett State Bank, acting for and by authority of Dunagan, and upon information received from him, collected twice from the Corsicana Cotton Oil Company a debt it owed Dunagan, and that the bank yet has the money. Such being true, the Jewett State Bank was in the possession of money of another, which in honesty and good conscience it ought not to retain, and to recover which the Corsicana Cotton Oil Company or its assignee could resort to a suit for money had and received; and such remedy is not affected by the agencies or by the ramifications of the means by which the result is accomplished. Merryfield v. Wilson, 14 Tex. 224, 65 Am. Dec. 117; Ingram v. Posey, 138 S. W. 421; Scott v. Jackson, 147 S. W. 336.

[3] The Corsicana Cotton Oil Company having paid to the Jewett State Bank its debt to Dunagan, and the Jewett State Bank having used the bill of lading which it should have surrendered to Corsicana Cotton Oil Company as a means of collecting a second time for the same debt, the Corsicana Cotton Oil Company, by taking up the bill of lading which evidenced the ownership of the cotton seed it had received and used, but performed that which it was legally bound to do; and, while we think it is of no legal consequence, still we are of opinion that the effect of such payment was an equitable assignment of or a subrogation to any claim the owner of the bill of lading had against the Jewett State Bank, if it had any at all, but that beyond and independent thereof the Corsicana Cotton Oil Company had, under the facts related, a cause of action against the Jewett State Bank at all events.

[4] We also conclude that the facts do not show a misjoinder of causes of action. While the transfer or assignment of the claim of the Corsicana Cotton Oil Company took the form of a draft drawn by the oil company against the Jewett State Bank, it was, as we have said in the last analysis, but a suit for money had and received, and it was in entire accord with the equitable principle upon which such suits may be maintained for the Corsicana Cotton Oil Company when sued upon its transfer to set out the facts upon which the debt was based, and to ask and receive the relief granted in the court below.

[5] While we have not discussed the assignments of error seriatim, what we have said in effect disposes of all of them, save two, which complain of the refusal of the court to sustain the Jewett State Bank's general exception. The point urged under the general demurrer is that the petition showed no cause of action against Jewett State Bank, because it was not alleged that the Jewett State Bank, verbally or in writing, accepted the draft drawn by Corsicana Cotton Oil Company against it in favor of Corsicana National Bank. In answer to the point, it may be said that the draft so drawn was not against a fund on deposit with the Jewett State Bank belonging to the Corsicana Cotton Oil Company, but as we have said, but a transfer of the debt and a demand for its payment; and, for that reason, it is obvious that the rule of law governing the rights of the holder of a check drawn against a bank deposit never accepted by the bank has no application.

The judgment is affirmed.