**PROVIDENCE-WASHINGTON INS. CO. et al. v. BOATNER.   (No. 6452.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 17, 1920. Rehearing Denied Dec. 22, 1920.)

1. Insurance ⬅336(1)—Fire policy void and subject to be forfeited on account of other insurance.

Where a fire policy provided it should be void if insured had or should procure any other insurance valid or not on the property, and one day after such policy was secured insured secured another policy on the stock of goods covered, the first policy became void and subject to be forfeited on loss, when the rights of the parties became fixed.

2. Insurance ⬅390—Fire insurer not estopped to make defense of invalidity of policy on account of other insurance.

One of several fire insurers, defendants, whose policy was void on account of other insurance effected by insured, *held* not estopped to make the defense of the invalidity of the policy on account of such other insurance, though counsel for all the insurers on trial did not contend the policy was void and should be annulled; it being set up by the insurers as the means to escape liability under provisions in other policies, etc.

3. Insurance ⬅141(4)—Insured by suing on void policy elected to stand on it.

Where insured made arrangements with the fire insurer's agent for his insurance and to get credit for the premium, and immediately after loss secured the policy and presented claim thereunder to the insurer under oath, and, failing to secure payment or recognition, sued on the policy and prosecuted the suit to judgment, he elected to stand on such policy, which was in fact void on account of other insurance, and is conclusively bound by his action and conduct.

4. Insurance ⬅602—Fire insurers not required to pay or tender loss to escape penalty.

Where insured asserted his claim and sued for the full amount of loss by fire under all his policies, it was not required of defendant insurers, one of whom admitted liability on a policy, to pay or tender any part of the loss in order to escape penalty for delay.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by R. H. Boatner against the Providence-Washington Insurance Company and others. To review judgment for plaintiff, defendants bring error. Judgment reversed, and judgment rendered.

Locke & Locke, of Dallas, and S. A. Early, of Corpus Christi, for plaintiffs in error.

Kleberg, Stayton & North, of Corpus Christi, and Atkinson & Atkinson, of Houston, for defendant in error.

COBBS, J. This suit was brought to recover on the four policies of insurance, one issued by the Home Insurance Company and three by Providence-Washington Insurance Company. Separate suits were instituted against each of the several companies, viz., three against the Providence-Washington Insurance Company, which were consolidated, and one against the Home Insurance Company, tried at the same time, together. The cases were tried by a jury and two separate judgments rendered in favor of defendant in error. In the first three cases the judgment was for $4,750.13, in favor of defendant in error, against said Providence-Washington Insurance Company, and a judgment was rendered against the Home Insurance Company for $3,124.60, in favor of defendant in error; both judgments bearing 6 per cent. interest from date.

It was alleged the policy in the Home Insurance Company, No. 50, was issued April 19, 1916. The Providence-Washington policy upon the building, No. 137235, was issued April 20, 1916; the Providence-Washington $1,000 policy upon the merchandise, No. 123396, was issued May 24, 1915; and the last policy, No. 137234, upon both merchandise and fixtures, was issued April 20, 1916. The fire occurred on the night of May 4, 1916, resulting in a total loss of the building, fixtures, and merchandise, excepting some salvage, having a value of $50. At the trial the Providence-Washington Insurance Company admitted its liability upon the policy covering the building, but it denied liability upon the policies issued on the stock and defended upon the ground of a violation by the assured of the warranty against unpermitted concurrent insurance. There was no dispute that such violation did occur, the defendant contending that by virtue of the so-called technicality act, Vernon's Sayles' Revised Statutes of Texas, § 4874a, the effect of such excessive concurrent insurance was obviated.

The trial court took this point of view. Thus the only issue submitted to the jury was the value of the stock of merchandise and the fixtures at the time of the fire. The jury found the value of the stock to have been $6,500, and the value of the fixtures, $1,050. In pursuance of this verdict, the

court rendered judgment against the Home Insurance Company for $3,124.60, and against the Providence-Washington Insurance Company for $4,750.13.

Each policy occupied about 15 pages in the transcript as exhibits to the petitions, and each policy has more than 110 separate paragraphs, besides several pages of blank forms. The paragraphs in the several policies are almost precisely similar. The transcript contains about 160 pages with cost bills. The statement of facts contains the same policies at length, consisting of 150 pages. As much in the lengthy policies is immaterial, and often identical in terms, we fail to see any object in placing all these provisions in the record, incumbering and thereby making a cumbersome record to handle, aside from the unnecessary costs. It was necessary only for the record to show those portions regarded as material to the issues.

Defendants filed exceptions, pleaded a general denial and special defenses, including breach of the terms of the policies and demanding forfeiture for overinsurance, etc.

The policy in the Home Insurance Company was issued before the fire, but not delivered to the appellee until after the fire, and he is not shown to have had knowledge or notice thereof until after the loss.

The first assignment is based upon the following requested, but refused, charge:

"The plaintiff is not entitled to recover from defendants any sum under the policies in suit except policy No. 137225 (for $1,000). You, therefore, will return a verdict in favor of the defendants."

All the assignments complain of and relate practically to the same subject and to the refusal of the court to give requested charges No. 1 and the others in respect to similar provisions of overinsurance, and the right to forfeit, predicated upon the contention that the provision as to overinsurance, stipulated in the policies, whether valid or invalid, without consent, renders all policies affected thereby void and uncollectible.

It is contended that the action taken by defendant in error, in adopting the Home Insurance policy, presenting a sworn claim thereon, and bringing suit thereupon, claiming benefits under it, amounts to a ratification of the policy, validating it so that it has the same effect upon the other insurance as though issued legally and delivered prior to the fire. He made application for the insurance and got credited for the premium, though he never followed it up to ascertain whether it had been issued. Becoming dissatisfied in not hearing further about it, on the very next day, April 20, 1916, he procured the insurance policy No. 137235, Providence-Washington Insurance Company, for $1,000, on the warehouse. Total concurrent insurance secured on the building and furniture, to wit, $4,750; on building $4,000, and $750 on furniture and fixtures. It contained the clause

against overinsurance. The following clauses appear in the several policies:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the assured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

"It is understood and agreed that no other insurance is permitted unless the total amount allowed, including this policy, is entered in the blank space in the paragraph next above."

The largest amount of concurrent insurance permitted on the stock by any policy was $4,000; the amount secured was $6,500.

The policy in the Providence-Washington Insurance Company, for $2,500 on stock and $750 on fixtures, was secured April 20, 1916, one day after the policy secured from the Home Insurance Company.

[1] It is clear that the policy issued by the Home Insurance Company is void. Home Insurance Co. v. Boatner, 218 S. W. 1097.

At the time of the loss the rights of the parties became fixed, but the policies issued to appellee were subject to be forfeited by the lawful provisions in the policies, issued prior to the loss on account of overinsurance. Allemania Fire Insurance Co. v. Fordtran, 128 S. W. 692; Phœnix Co. v. Hague, 34 S. W. 655; Phœnix Insurance Co. v. Boulden, 96 Ala. 609, 11 South. 774; Scottish Union & National Ins. Co. v. Warren Co., 118 Miss. 740, 80 South. 9.

It is contended that, during the entire negotiations with the Home Insurance Company, through its counsel, making attempt to settle the loss by the fire, the plaintiffs in error having information as to all the circumstances concerning the issuance before the fire, and conducting such negotiations even after suit was filed, did not raise objection that it was never executed and not binding, and by such course of conduct were thereby estopped to deny liability. It is therefore further contended that they waived the right to set up the violation of the promissory warranty as a defense. The companies were represented all along by the same counsel and acting together, presumably believing they would have a much better chance to defeat Boatner's entire claim, if the warranty be treated as valid, supposing, under the anti-technical law, the overinsurance was technical and immaterial and would not constitute a defense, because it did not contribute to the loss.

The plaintiffs in error set up as a defense against that policy the facts concerning its issuance, not claiming it, however, to be wholly void, but put defendant in error on proof of its execution and delivery, by its general denial, and relied on it for the purposes of invoking the clauses of forfeiture. It did not seek to have it declared invalid, nor yet object to its introduction, but in so

many words admitted it for the purpose of declaring a forfeiture of otherwise valid insurance, whether the Home Insurance Company policy be valid or invalid.

[2] The contention of defendant in error is that the judgment on said policies should be affirmed, because plaintiffs in error not only did not deny the policy was valid, but set it up as the means to escape its liability under provisions in the other valid policies as well as by its terms. Evidence was introduced concerning the issuance of said Home Insurance policy, which, if it had been taken advantage of, would have defeated it. Counsel in his oral argument hinted at the fact that there was other evidence on the same subject not introduced, though used as an instrument of offense. It was never contended the policy was void and should be annulled. No charge was requested submitting such evidence to the jury to pass upon, nor directed not to consider because void. Its invalidity was not called to the attention of the court in a motion for a new trial by plaintiff in error, nor any error assigned to this court. But we do not think that estops plaintiff in error to make the defense, whether valid or invalid.

[3] It is shown by the evidence that defendant in error made arrangement with the Home Insurance Company's agent for the insurance and to get credit for the premium, and immediately after the fire secured the policy, and presented a claim thereunder to said company under oath, and, failing to secure payment or recognition, brought suit upon said policy and prosecuted it to judgment. By so doing he elected to stand on a void policy, and by which action and conduct he must conclusively be bound. He has selected his battle ground; he has elected his course of action and his remedy, and must suffer the results of the overinsurance. Grizzard v. Fite, 137 Tenn. 103, 191 S. W. 970, L. R. A. 1917D, 652; Jirou v. Jirou, 136 S. W. 498; Whitney v. Parish of Vernon, 154 S. W. 264; Stinson v. Sneed, 163 S. W. 991; Clemenger v. Flésher, 185 S. W. 304; McPherson v. Camden Fire Ins. Co., 222 S. W. 211.

[4] Plaintiff in error has throughout admitted liability for the amount of $1,000, total loss of the building which occurred on the night of May 4, 1916, and there is nothing further for us to pass upon in regard thereto, except upon the insistence of defendant in error, that damages should be assessed for delay. We do not think it presents such a case under the statute as permits us to assess damages. The defendant in error asserted the claim and sued for the full amount under all policies, and it was not required of plaintiffs in error under the pleadings or proof to pay or tender any part of the loss.

We believe the judgment of the trial court to be erroneous and sustain the errors as-

signed. We will render judgment for $1,000, admitted to be due with interest, in favor of plaintiff in error.

It is the order of this court that the judgment of the trial court be reversed, and that defendant in error recover nothing as against the Home Insurance Company, and that he recover of the Providence-Washington Insurance Company the sum of $1,000 with 6 per cent. interest from May 5, 1916, and that plaintiffs in error recover of defendant in error all costs in this behalf expended.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes