**BLEDSOE et al. v. BURLESON. (No. 7043.)\***

(Court of Civil Appeals of Texas. Austin. Dec. 8, 1926. Rehearing Denied Jan. 5, 1927.)

**I. New trial ⬤➡102(3)—Allegations of plaintiff's motion for new trial for newly discovered evidence of certain of defendants held not to show diligence (Rev. St. 1925, art. 3769).**

Plaintiff's allegations in motion for new trial for newly discovered evidence, consisting of testimony of two of defendants against whom judgment had been taken, failing to show any previous effort to ascertain facts from them or summoning as witnesses, or attempt to procure ex parte depositions, as authorized by Rev. St. 1925, art. 3769, *held* not to show such diligence as would entitle plaintiff to new trial as against defendants who had judgment in their favor.

**2. New trial ⬤➡99 — Applications for new trial for newly discovered evidence are not favored.**

Applications for new trial on grounds of newly discovered evidence are not favored.

**3. New trial ⬤➡101—New trial for newly discovered evidence will not be granted for evidence known at time of trial.**

New trial on ground of newly discovered evidence will not be granted for evidence that is known to unsuccessful party at time of trial.

**4. Appeal and error ⬤➡977(3)—Rule for determining diligence supporting trial court's action overruling motion for new trial is applicable in passing on action granting new trial (Rev. St. 1925, art. 2249).**

Rules relating to matter of diligence in determining action of *trial court in overruling motion for new trial are applicable in passing on trial court's action in granting motion for new trial under appeal authorized by Rev. St. 1925, art. 2249.

**5. Appeal and error ⬤➡977(1)—Action of trial court in passing on motion for new trial will be reversed on appeal for abuse of discretion.**

Trial court's discretion in passing on motion for new trial is not arbitrary, and, where abused, will be reversed on appeal.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Suit by R. W. Burleson against R. E. B. Bledsoe and others. Judgment for plaintiff against part of defendants, and from an order granting plaintiff's motion for a new trial, part of defendants appeal. Order granting new trial vacated and set aside.

A. L. Curtis, of Belton, O. E. Roberts, of Taylor, and F. D. Love, L. B. Duke, and Harry Dolan, all of Georgetown, for appellants.

J. F. Taulbee and W. H. Nunn, both of Georgetown, for appellee.

BAUGH, J. This suit is the outgrowth of the flogging case in Williamson county, in which several of the floggers were convicted of felonious assaults upon appellee, R. W. Burleson. He sued 37 defendants for damages resulting from said assault and flogging, which occurred about April 1, 1923, and charged conspiracy among all of said defendants to commit said criminal assault. Upon the trial appellee dismissed his suit as to ten of said defendants. At the close of the evidence the court gave peremptory instructions to the jury to find in favor of 15 other defendants. Upon the finding of the jury judgment was rendered in favor of appellee against the remaining defendants for the sum of $7,000 damages.

The trial court granted plaintiff's motion for a new trial on the ground of newly discovered evidence. And it is from this action of said court that the 15 defendants who had an instructed verdict in their favor have appealed. ·

Appellants' first contention is that said motion should not have been granted because the record shows that appellee failed to use diligence to obtain the testimony claimed to be newly discovered. This testimony which he alleges will be available to him upon another trial is that of 2 of the defendants, Frank Pyle and Frank Robbins, who had absented themselves from the county during the trial, and against whom judgment was rendered. There are statements in their affidavits to the effect that they absented themselves from the trial and from the county at the instance of one of the attorneys for appellants, and that they were furnished by him with expense money. From what source the attorney obtained such expense money is not shown, and, upon motion of appellants, all of that portion of said affidavits relative to their conversation with said attorney was stricken out by the trial court as privileged matter, and we are not concerned with it here. The causes of their absence we deem immaterial, as they had not been summoned as witnesses when the trial began, and their testimony as set forth in their affidavits was self-incriminating, and such that they could not have been compelled to give had they been present. Nor does appellee's motion allege that it would have been available to him on said trial had they been present.

In his motion appellee made the following allegations as to diligence:

"That the plaintiff has used all due and proper diligence to obtain the testimony of the said witnesses, in that the said witnesses are each defendants in this cause, and that up to the time of and during the trial of this cause each of the said witnesses were hostile to the plaintiff, and neither the plaintiff or the plaintiff's attorney could with propriety approach the said witnesses with reference to ascertaining what they knew in this cause, and that

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error granted February 23, 1927.

much of the testimony given by the said witnesses, as set out in the affidavits hereto, was entirely unknown to the plaintiff and the plaintiff's attorneys, all of which said new testimony is material to the plaintiff's cause of action; that, the said witnesses each being defendants, the plaintiff had the right to believe, and did believe, that the said defendants would be present and in attendance upon the trial of this cause, and that, after this case was called for trial, and after the plaintiff had announced ready herein, the plaintiff discovered that the said witnesses, as defendants, were not present, and were not in attendance upon the trial of this cause, and that thereupon the plaintiff caused subpœnaes to be issued for each of the said witnesses, and caused the same to be placed in the hands of the sheriff of this county, and that the sheriff of this county used all due and proper diligence to execute the said subpœnaes, and thus procure the attendance of the said witnesses; that, after making due diligence to serve the said subpœnas, the sheriff of this county reported that the said witnesses were out of the county; and that according to information furnished they had but recently left the county."

[1] We do not think this constitutes such diligence as would entitle him to a new trial as against appellants, who had a judgment in their favor. According to his own motion, neither appellee nor his attorneys had attempted to interview these two parties, whom he now offers as witnesses, nor sought to ascertain what they knew, or what they would testify. They were present in the county, and, so far as the record shows, could have been interrogated at any time. The fact that they, along with 35 others, were defendants did not obligate them to be present at the trial. The fact that appellee had charged these two newly proffered witnesses with being parties to a conspiracy necessarily charges the appellee himself with the knowledge that these witnesses knew the facts constituting the conspiracy, and could testify in his behalf as to those facts if they were willing to do so. The real condition presented, as we see it, is, not that appellee had discovered new evidence so much as that he had, after the trial, discovered that two of the defendants, against whom he obtained a judgment, then were willing to testify to facts showing the alleged conspiracy; appellee being charged with knowledge all along that these witnesses possessed information favorable to him. He made no effort to ascertain from them prior to the trial what they knew, nor what they would testify, nor did he have them summoned as witnesses, nor undertake to take their ex parte depositions, as authorized in article 3769, R. S. 1925. He took no steps whatever in the matter even of securing their presence until after he had announced ready for trial; and, after he learned that they were out of the county, which he did while the trial was in progress, he made no effort to delay the proceedings to obtain their presence, but, with the knowledge that they could not be found, he chose to proceed with the trial on the evidence he had and take his chances before the jury. His excuse is that he had assumed these witnesses were hostile, and that, being defendants, they would be present at the trial. In the light of the decisions hereafter adverted to, we think that appellee, as a matter of law, has not shown the exercise of such diligence as would entitle him to a new trial.

[2, 3] The general rule is that applications for new trials on the grounds of newly discovered evidence are not favored. 29 Cyc. 883, and cases cited. And as there stated:

"A new trial on the ground of newly discovered evidence will not be granted for evidence that was known to the unsuccessful party at the time of the trial."

And in Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485, it was held that a new trial on the ground of newly discovered evidence was properly refused, where the existence of such evidence was known, but not the whereabouts of the witnesses, and no continuance to secure their presence was requested. In the instant case the evidence, or rather the willingness of the two witnesses to testify concerning the conspiracy with which appellee had charged them in his petition, was discovered soon after the trial. In 29 Cyc. 892, it is stated—

"that evidence was discovered soon after the trial by systematic inquiry or search usually indicates that proper diligence was not exercised to discover the evidence before the trial."

And further that—

"The failure of the appellant to inquire what a person supposed to have knowledge of a matter in controversy knew about it or to call or examine him as a witness is not excused ordinarily by the fact that their relations were unfriendly or that the witness was believed to be hostile."

See, also, San Antonio Gas. Co. v. Singleton, 24 Tex. Civ. App. 341, 59 S. W. 920.

The appellants' brief so succinctly sets out extracts from opinions in this state on the matter of diligence in cases involving issues similar or analogous to those here involved that we copy same here:

In the case of Peterson v. Clay (Tex. Civ. App.) 225 S. W. 1115, the court says:

"We overrule the ninth assignment. The appellants did not show sufficient diligence to procure the evidence referred to in this assignment as newly discovered evidence. The materiality of this evidence, if it is material, and its existence, became known to the defendants before the close of the trial. They should have promptly asked for a continuance or a postponement in order to secure such evidence."

In the case of De Hoyes v. Railway Co., 52 Tex. Civ. App. 543, 547, 115 S. W. 75, 76,

and 77, Judge James, speaking for the court, says:

"Appellant therefore became informed during the trial of the fact that Norris probably knew something of this occurrence, and, if it really occurred as plaintiff claimed, the probability was that, if he knew anything about it, his testimony would be favorable to plaintiff. In these circumstances, plaintiff would not have been justified in going on and submitting the case to the jury, without having made some proper effort to have Norris as a witness, and afterwards, on finding that Norris' testimony was in fact favorable, to ask for a new trial. Counsel appreciated this and to a certain extent acted upon the principle. He went to work diligently, it seems, trying to find Norris to have him before the trial was finished. This, however, was not enough diligence, to be shown afterwards, to entitle him to demand a new trial. If plaintiff really wanted Norris as a witness, or wanted a fair opportunity to locate him and to find out what he knew, he should, when it was apparent that he was not immediately to be found and the trial nearing the end, have endeavored to have the case postponed in some way in order to afford him a reasonable opportunity to do so. It is true that such a motion might not have been granted, but it would at least have had the effect of placing plaintiff in the position of having done all that he was able to do, under the circumstances, to get the benefit of what Norris knew. As it is, appellant may be said to have wanted Norris as a witness at this trial and to have him there, if he could find him, but failing to do so, was nevertheless willing, with the testimony he had, to go on with the case and take the chance of a favorable verdict. We think there was no error in refusing the new trial."

In the case of McBride v. Puckett (Tex. Civ. App.) 66 S. W. 242, the court, through Judge Neill, says:

"The court did not err in refusing to grant appellant a new trial upon the ground of newly discovered evidence. It appears from the affidavit of the parties attached to the application for a new trial, by whom it is claimed that the evidence newly discovered could be shown, that such evidence was or should have been known by appellant when the case was tried, and no diligence whatever is shown which can excuse him for not having the testimony of the witnesses when the case was tried."

In the case of Scott v. Jackson (Tex. Civ. App.) 147 S. W. 336, the court, through Judge Fly, says:

"The testimony of Holland could not be classed as newly discovered evidence. Appellant must have known, from the allegations of the petition, the importance of Holland's testimony; and he should have shown more diligence in [obtaining] it. Appellant did not seek a continuance to obtain the evidence of Holland, although charged with notice of the importance of his testimony."

In the case of Keller v. Lindow (Tex. Civ. App.) 133 S. W. 308, the court through Judge James, says:

289 S.W.—10

"If the importance of this testimony to defendants was so much realized, and search for it had not been exhausted, it occurs to us that a continuance or postponement should have been sought for the purpose of allowing an opportunity for further search, instead of defendants being satisfied to go to trial and take their chances of getting a favorable judgment without it."

In the case of Robbins v. Bell (Tex. Civ. App.) 195 S. W. 867, the court, speaking through Judge Rasbury, says:

"It is next urged that the court erred in not granting appellant a new trial because of newly discovered evidence materially affecting the controlling issue in the case. All of the testimony tended to show that the only train which could have struck appellee's mule passed the pasture between 8 and 9 o'clock p. m. After trial Mason Vestal, by affidavit, deposed, in effect, that he was at the residence of appellee when said train passed through her pasture, and at that very time the mule alleged to have been injured was near the barn of appellees in plain sight of affiant. Mason Vestal was the son of A. A. Vestal, a witness for appellant. Two of counsel for appellant prior to trial had on one or more occasions conferred with Mason Vestal concerning the testimony of his father, during which counsel did not interrogate him concerning any knowledge he had of the matter, nor did said Mason Vestal himself divulge the facts recited in this affidavit. It occurs to us that the facts fail to show any diligence on the part of appellant. The same diligence that secured the evidence after trial would have secured it before trial. The opportunities to have secured it before trial were the same as those after trial. It is elementary that diligence before trial [or during trial] must be shown."

[4, 5] These pronouncements are all in support of the action of the trial court in overruling motions for new trial. However, they announce rules whereby the matter of diligence is determined, and, since the Legislature has authorized appeals from motions granting new trials (article 2249, R. S. 1925), we see no good reason why they should not be as applicable in passing upon the trial court's action in granting a new trial as in his action in refusing same. The trial court's discretion in such matters is not arbitrary, and, where abused, will be reversed on appeal.

The affidavits of the defendants Pyle and Robbins are too long to set out here. Omitting the portions stricken out by the trial court, they relate chiefly to discussions of Burleson at meetings of the Georgetown Ku Klux Klan, the sending of the notice to Burleson to leave the country, and to circumstances indicating a conspiracy to criminally assault Burleson. The affidavits involve these two witnesses in the alleged conspiracy. The jury had already found that they had participated in such conspiracy, and judgment was rendered against them on that finding. We have carefully read these affidavits, and, if these witnesses should testify

to all matters stated therein, their testimony could not change the result on another trial as to the 10 defendants against whom appellee had voluntarily dismissed his suit, nor as to 11 of the 15 defendants, appellants here, in whose favor the court instructed a verdict. Taken in their most favorable light, and omitting the portions stricken out by the trial court, these affidavits involve only the appellants John Martin, C. A. Beard, S. J. Purl, and Lawrence Starnes in the conspiracy, and the affidavit of Robbins implicates only John Martin, and him only indirectly. As to the other 11 defendants, who had a judgment in their favor, the granting of the new trial was clearly erroneous.

But we have reached the conclusion that appellee failed to use ordinary diligence before and during the trial to secure the testimony now proffered as newly discovered, and, having proceeded to a verdict with knowledge that the witnesses were absent, and that they knew facts favorable to him, without any request for postponement, having taken his chances before the jury, with the evidence he had, and having secured a judgment against 11 of the defendants, he should not now be entitled to a new trial to give him another chance to secure a judgment against other defendants, or possibly increase the amount of his recovery. We deem it unnecessary to discuss the other questions raised. For the reasons stated, the order of the trial court granting appellee's motion for a new trial is vacated and set aside.

Order granting motion for new trial vacated and set aside.