### GAINEY v. INTERNATIONAL & G. N. RY. CO.  (No. 8745.)

(Court of Civil Appeals of Texas. Galveston. Feb. 5, 1926.)

**1. Appeal and error ⊚⟳732.**

Assignment that "court erred in overruling motion for new trial" *held* too general.

**2. New trial ⊚⟳99—Refusal of new trial on ground of newly discovered evidence of witness at trial merely rebutting claim of defendant was not abuse of discretion.**

There was no abuse of discretion in denying plaintiff's motion for new trial, based on newly discovered evidence, which would merely rebut claim of defendant and which would be given by witness who had testified at trial.

**3. Negligence ⊚⟳39—Railroad held not negligent as to child playing on ties, piled on right of way.**

Where child was injured on pile of railroad ties, which had been piled on right of way near path and public road for eight years without injury to any one, *held* railroad was not guilty of negligence proximately causing injury to child.

**4. Negligence ⊚⟳136(19) — Placing dangerous appliances attractive to children on premises held not negligence as matter of law.**

Though one placing on his premises dangerous machinery or appliances especially attractive to children, without taking proper care to prevent injury to children thereby, can be held liable for such injury, such acts do not constitute negligence as matter of law.

**5. Negligence ⊚⟳136(14)—Negligence question of fact.**

Act is negligent as matter of law when contrary to statute or unquestionably wanting in ordinary care.

**6. Negligence ⊚⟳136(25)—Proximate cause issue of fact.**

Proximate cause is an issue of fact, except where reasonable minds cannot differ in conclusion to be drawn from evidence.

Appeal from Houston County Court; Ben F. Dent, Judge.

Action by Carl Gainey against the International & Great Northern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Adams & Adams, of Crockett, for appellant.

Morris, Sewell & Morris, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellant in his own right and as next friend of his minor daughter, Mary Kate, to recover damages for personal injuries sustained by said minor, which it is alleged were caused by the negligence of appellee. The acts of negligence alleged in plaintiff's petition upon which appellee's liability is predicated are tersely but sufficiently stated in appellant's brief as follows:

"That said company piled ties on or near a generally used pathway, and near a public road, and that same was an alluring place for children to play; that the top tier of said ties were placed on edge so that they could be easily thrown off; that Mary Kate Gainey, and other children traveling said public highway, got up on said ties, and, when Mary Kate was getting down, a tie on edge of pile (which tie was placed on its edge and not flat) fell on her, breaking her leg."

The appellee answered in the court below by a general demurrer and general denial. The trial in the court below without a jury resulted in a judgment in favor of the defendant. At the request of appellant the trial court filed the following findings of fact:

"On Friday, the 21st day of March, 1924, the plaintiff, Mary Kate Gainey, who was then seven years old, with some other children about the same age, had gone to town, in the town of Grapeland, and were returning home, where they lived in the edge of town, at which time they climbed upon some cross-ties stacked in piles about eight ties high, there being six stacks of these ties running parallel with the railroad. The nearest end of the general stacks of ties came near to a public pathway used by pedestrians crossing the railroad diagonally from town to the edge of town. And after climbing on the first stack of ties they passed over the tops of all of the stacks of ties until they reached the last stack of ties,

at which time two of the children descended to the ground safely, but Mary Kate, in starting to descend to the ground, caught hold of a tie next to the edge, which turned and fell off, falling on her, and breaking her left leg between the knee and the thigh. The other two children got off at a different place from which this child was hurt.

"All the ties were stacked flat on the various stacks of ties except the ties which fell off with her, but it was stacked edge-ways, and light force would throw it down. The ties were stacked on the right of way, on the west side of the railroad track, and belonging to the railroad company's right of way, over which the railroad company had an easement and the exclusive right of possession, and so had it at the time of this accident. On the west side of the railroad right of way, and between there and the business section of the town, was a public street at that time near the right of way, running parallel with it and adjoining the right of way. The pathway above mentioned had been used for pedestrians for more than ten years and the cross-ties had been stacked thereon for more than eight years, and no person was ever hurt there before by ties falling on them. The right of way where the ties were was not fenced in and could not be fenced in.

"(2) The plaintiffs have been damaged in the total sum of $1,326.50; $326.50 incurred by plaintiff Carl Gainey, and $1,000 for damages to the minor child Mary Kate Gainey.

"3. I find that the defendant company, its agents, servants, and employees were not guilty of negligence in any respect proximately causing the accident resulting in injury to the plaintiff."

[1, 2] The first assignment of error presented in appellant's brief is as follows:

"The court erred in overruling motion for new trial."

It goes without saying that this assignment is too general to be considered. It is not followed by any proposition, but from a short statement and argument following the assignment it appears that the motion for new trial was based on the ground of newly discovered evidence, such evidence being, as stated in the brief, "contradictory to a claim by defendant that, while the ties had been piled at the place for years, no other child had ever been hurt thereby." It further appears from the record that this so-called newly discovered evidence was obtained from a witness for plaintiff who had testified on the trial of the case. If the insufficiency in the manner of presenting the question should be waived, we can find no ground in the record for holding that the trial judge abused his discretion in refusing to grant the motion for new trial.

[3] The second and third assignments of error and the proposition based thereon are as follows:

"Second Assignment of Error. The court erred in his third finding of fact, that defendant company was not guilty of negligence that contributed to plaintiff's injury, because previous findings of fact fully established defendant's negligence, and this finding was in the face of all the evidence, and was not a finding of fact, but a conclusion of law, not sustained by the facts found.'

"Third Assignment of Error. The court erred in his conclusion of law that defendant company was not liable because from the finding of facts by the court, and from the evidence as shown by S. of F. the defendant company was negligent, and such negligence was the proximate cause of plaintiff's injury.

"Proposition First, under Second and Third Assignments of Error. It is negligence for any one, on its own or others' property, to place any such alluring object to children, which would naturally attract their attention to meddle or play therewith, in such condition as would make it dangerous to children so attracted."

This proposition presents the contention that, upon the facts found by the trial court, it should be held as a matter of law that appellee was negligent in placing the ties, piled in the manner they were, on its right of way near the pathway commonly used by the public, and that such negligence was the proximate cause of the injury to the minor plaintiff. Appellant cites no authority sustaining this contention and none can be found.

[4] The doctrine that one, who places on his premises dangerous machinery or appliances that are specially attractive and alluring to children, without taking proper care to prevent injury to children thereby, can be held liable for such injury, has been fully recognized by the courts of this state, and followed to the verge of justice and reason, but no court has ever held that such acts constitute negligence as a matter of law. Before one can be held liable for injury caused by his act of omission or commission, such act or omission must be wanting in ordinary care, and the injury must be one that could have been reasonably anticipated as a probable result of the act.

[5, 6] It is only in cases in which the act is contrary to statute law, or so opposed to the dictates of prudence that reasonable minds cannot differ in the conclusion that it is wanting in ordinary care, that it can be held negligent as a matter of law. It is also well settled that the question of proximate cause is an issue of fact, except in cases in which reasonable minds cannot differ in the conclusion to be drawn from the evidence.

Under these fundamental rules of law, it cannot be held that the facts found by the trial court required a finding of negligence on the part of appellee which proximately caused the injury to the child. So far from agreeing with appellant's contention, we are inclined to the opinion that the facts found by the trial court fail to raise the issue of appellee's liability. Railway Co. v. Edwards, 36 S. W. 430, 90 Tex. 65, 32 L. R. A. 825.

It follows from what we have said that the judgment should be affirmed, and it has been so ordered.

Affirmed.