**WESTEX THEATERS, Inc., v. WILLIAMS.**
**No. 781.**

Court of Civil Appeals of Texas. Eastland.
Jan. 2, 1931.

Rehearing Denied Jan. 30, 1931.

M. F. Billingsley, of Munday, and Tom L. Beauchamp, of Paris, for appellant.

D. J. Brookreson, of Benjamin, and J. S. Kendall, of Munday, for appellee.

HICKMAN, C. J.

The action is for damages for the breach of a contract in writing, evidenced by an offer contained in a telegram of June 14, 1929, and an acceptance thereof by a telegram of date June 21, 1929. The telegrams were as follows:

"Munday, Texas, June 14, 1929.
"C. J. Bain, San Antonio, Texas.
"Will give twenty thousand dollars for Haskell and Seymour theaters. Ten thousand cash balance in two equal notes seven per cent due six and eighteen months on or before.
"[Signed] P. V. Williams."

To this telegram the following reply was sent:

"Received at Munday, Texas, June 21, 1929.
"P. V. Williams, Munday, Texas.
"Your proposition wired me June fourteenth on Haskell and Seymour theaters accepted. Wire me San Antonio date you can meet me Dallas to make up contract.
"[Signed] C. J. Bain."

As a defense to appellant's cause of action, appellee pleaded and testified that, on June 20, 1929, in a long-distance telephone conversation between him and C. J. Bain, who represented appellant in the transaction, the offer was withdrawn; that this withdrawal was prior to the sending of the telegram of acceptance. Bain denied that appellee had withdrawn the offer before the telegram of acceptance was sent, and the issue of fact thus made by the evidence was submitted to the jury, as follows: "Was the plaintiff's agent, Bain, notified before he sent the telegram of acceptance on June 21st, 1929, by the defendant Williams that his associates had scattered and the offer was no longer open?" To this issue the jury answered: "Yes."

Upon this verdict judgment was rendered that appellant take nothing by its suit, and this appeal followed.

The brief contains six assignments of error. The first two assignments complain of the action of the trial court in sustaining special exceptions to appellant's petition. The exceptions sustained were to allegations as to certain elements of damages claimed by appellant, in addition to the difference between the alleged contract price and the price at which it later sold the theaters. Since the jury found against the existence of a con-tract, the action of the trial court in striking certain elements of the claimed damages, even if erroneous, was clearly harmless. The result of the suit would have been the same had these exceptions been overruled.

The third assignment complains of the failure and refusal of the trial court to instruct the jury to return a verdict for plaintiff. The transcript contains a request for an instructed verdict, which shows to have been filed with the clerk. But there is no showing that the request was ever presented to, or acted upon, by the trial judge. In order to preserve this action of the trial court for review, appellant should either have presented its request to the trial judge and have him mark thereon "refused," and authenticate same with his signature, as provided in article 2188, R. S. 1925, or else have brought up a formal bill of exceptions. In the absence of a showing that the instruction was presented to, and refused by, the trial court, the assignment presents no question which we are authorized to review. Farmers' & Merchants' State Bank v. Guffey (Tex. Civ. App.) 255 S. W. 462; Medford v. Kimmey (Tex. Civ. App.) 298 S. W. 140.

The fourth assignment complains of the action of the trial court in overruling the motion of appellant for judgment upon the verdict of the jury. The only issue submitted to the jury was the one above noted, which, as noted, was answered in appellee's favor. The motion for a judgment after verdict called upon the trial court to render judgment contrary to the verdict. The law is well settled in this state that, "if the trial court submits an issue to the jury, which under the pleadings is a material one to the decision of the case, and the jury is permitted to answer that issue, which answer is received by the court, then, under the statute, the trial court is without discretion except to set aside the finding and grant a new trial, or to render judgment upon and in conformity to the finding. * * *" Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544. See, also, Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607.

The trial court was without power to grant appellant's motion, and no error can be predicated upon its failure to do so.

The fifth assignment is as follows: "The court erred in failing to grant plaintiff's motion for a new trial, because the verdict was contrary to the undisputed evidence in the case."

As said by Chief Justice Pleasants in Gainey v. I. & G. N. Ry. Co. (Tex. Civ. App.) 280 S. W. 852, 853, "It goes without saying that this assignment is too general to be considered." To the same effect is American National Life Ins. Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170.

The sixth assignment complains of the refusal of the trial court to grant appellant

a new trial on newly discovered evidence. The facts disclose that the appellant learned during the trial of the cause of the fact that the witnesses whose testimony it is claimed was discovered after the trial knew something of the transaction. The facts further disclose that the amended petition setting up the defense upon which the evidence was material was filed shortly before the case went to trial, but appellant asked no continuance or postponement for the purpose of ascertaining what the witnesses' testimony would be. Having elected to proceed with the trial without a request for postponement or continuance, appellant's right to claim a new trial on account of newly discovered evidence was foreclosed. De Hoyes v. Ry. Co., 52 Tex. Civ. App. 543, 115 S. W. 75; Scott v. Jackson (Tex. Civ. App.) 147 S. W. 336; Bledsoe v. Burleson (Tex. Civ. App.) 289 S. W. 143; Bain Peanut Co. v. Pinson & Guyger (Tex. Civ. App.) 19 S.W.(2d) 203; Kelsey v. Myers (Tex. Civ. App.) 29 S.W.(2d) 855, and authorities there cited.

No reversible error has been presented by appellant's brief, and no fundamental error appears in the record. It is therefore our order that the judgment of the trial court be affirmed.