WILLIAM R. EMERY and MADGE EMERY, his wife, surviving parents of DWAYNE EMERY, a Minor, Appellants, v. GUY A. THOMPSON, Trustee of the Missouri Pacific Railroad Company, a Corporation.—148 S. W. (2d) 479.

Division Two, March 12, 1941.

*C. A. Powell* and *Phillips & Phillips* for appellants.

*Spradling & Storm* for respondent; *Thomas J. Cole* of counsel.

TIPTON, P. J.—In the Circuit Court of Stoddard County, Missouri, a demurrer was sustained to appellants' amended petition. Appellants declined to plead further and judgment was rendered in favor of respondent.

Appellants' amended petition alleged that they were the parents of a minor son, age five years, and that he was killed through the negligence of respondent. Appellants' petition attempted to state a cause of action under the "attractive nuisance" doctrine. It alleged that respondent maintained on his unfenced and unguarded right-of-way a number of dangerous piles of cross-ties, piled or laid in rows or tiers to a height of 20 feet or more, and not cribbed, braced, or safeguarded in any manner at the ends of the rows or tiers to prevent them from rolling down upon and injuring children playing upon or about them; that these dangerous piles of ties were attractive to children who had habitually played on them for over a six months' period of time, and that the defendant knew of this fact in time thereafter to have cribbed, braced, or otherwise safeguarded the tie piles and prevented the injury to appellants' son which resulted in his death; and that the tie piles were on the right-of-way of respondent adjoining and against a publicly traveled street.

The attractive nuisance doctrine was exhaustively discussed in our recent case of Hull v. Gillioz, 344 Mo. 1227, 130 S. W. (2d) 623, 1. c. 627. In that case we said:

"It seems reasonable to say that an artificial condition, created by a landowner on his land, becomes an attractive nuisance only when it is both inherently dangerous and so located as to attract children to it. On this basis, it seems just to hold that a landowner, who maintains an attractive nuisance, has imposed on him a duty to take reasonable precautions to protect children, who are not able to appreciate its inherent danger, and are attracted to it. Most duties, imposed by the law of torts, arise out of circumstances and are based on 'foreseeability' or reasonable anticipation that harm or injury is a likely result of acts or omissions."

That opinion defines "inherently dangerous" as follows:

"Inherently dangerous means that danger inheres in the instrumentality or condition itself, at all times, so as to require special precautions to be taken with regard to it to prevent injury; instead of danger arising from mere casual or collateral negligence of others with respect to it under particular circumstances."

We are of the opinion that railroad ties piled upon the right-of-way of a railroad are not inherently dangerous. The danger, if any, arising from a pile of ties would be the negligent manner in which they were piled, therefore, the danger would be from mere casual or collateral negligence of others in piling the ties.

That opinion recognized that lumber, however piled, did not come within the attractive nuisance doctrine in distinguishing the facts in that case from the facts in the case of Kelly v. Benas, 217 Mo. 1, 116 S. W. 557, 20 L. R. A. (N. S.) 903.

The facts pleaded in the Kelly case are very similar to the facts pleaded in the case at bar. In the Kelly case, in denying liability, we said: " 'We have found no support for any rule which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or other relations with the occupant. . . . A person incurs no duty towards persons by not warning or driving them from his premises, and they go there, if mere volunteers, and without invitation, at their own risk.' "

So, in the case at bar, the appellants' deceased child went upon respondent's right-of-way and played among the piles of ties without invitation, but with the knowledge of respondent; he, therefore, a bare licensee, took the premises for better or for worse, and assumed the risk of injury from their condition. It cannot be said that he had an implied invitation under the attractive nuisance doctrine because we have already found that a pile of ties may be attractive to small children, but are not inherently dangerous.

We have never before ruled whether or not railroad ties come within the attractive nuisance doctrine, but we ruled in the Kelly

case, supra, that lumber piles do not come within that doctrine. We see no distinction between a pile of lumber that is piled on private property near a public street and a pile of ties similarly situated.

Courts of other jurisdiction have held that piles of railroad ties in a railroad yard did not come under the attractive nuisance doctrine. [M., K. & T. Ry. Co. v. Edwards (Tex. Sup.), 36 S. W. 430, 32 L. R. A. 825; Kramer v. Southern Ry. Co. (N. C.), 37 S. E. 468, 52 L. R. A. 359; Carr v. Oregon-Washington Ry. Co. (Ore.), 261 Pac 899, 60 A. L. R. 1434; Macon, D. S. Railroad Co. v. Jordan (Ga. App.), 129 S. E. 443, 34 Ga. App. 350; Gainey v. International & G. N. Ry. Co. (Tex. Civ. App.), 280 S. W. 852; and Buchanan v. Chicago, R. I. & P. Ry. Co. (La. App.), 119 So. 703.]

From what we have said, it follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.