Dennis COX, By Rudolph Cox, His Next
Friend, Appellant,

v.

Roy GROS, d/b/a Gros Marble Company,
Respondent.

No. 49136.

Supreme Court of Missouri,

Division No. 2.

Sept. 10, 1962.

Motion for Rehearing or to Transfer to
Court En Banc Denied Oct. 8, 1962.

Chopin, Boisaubin & Corley, Alfred L.
Boisaubin, St. Louis, for appellant.

Alexander & Robertson, L. A. Robertson,
Ernest E. Baker, St. Louis, for respondent.

BARRETT, Commissioner.

This is an action to recover $35,000 damages for personal injuries sustained by Dennis Cox, age five. The trial court sustained a motion to dismiss the plaintiff's petition and the question upon this appeal is whether the petition states a claim upon which relief could be granted.

In general the petition alleges that the defendant Gros owned and operated a business at 3009–3011 Missouri Avenue known as Gros Marble Company and that on July 10, 1959, Dennis was injured "on a piece of cut, sharp, pointed and jagged marble, created and maintained by defendant." While the plaintiff asserts that he was a "gratuitous licensee" (2 Restatement, Torts, Sec. 331; 2 Harper & James, Torts, Sec. 27.8, p. 1470) on the defendant's property, he admits that the case stated in his amended petition does not state a claim upon which relief could be granted under the "hard-by" rule (2 Restatement, Torts, Sec. 369), for example, broken glass on an unauthorized private dump hard-by public alleys and lanes. Wells v. Henry W. Kuhs Realty Co., (Mo.) 269 S.W.2d 761, 47 A. L.R.2d 1038. The Wells case, incidentally, is annotated under the heading "Liability of landowner for injury or death of child caused by cut or puncture from broken glass or other sharp object" in 47 A.L.R.2d 1048. The annotation does not emphasize the "hard-by" rule or section 369 of the restatement, the cases are treated without an attempt "to separate them on the basis of factual or legal distinctions. All the cases involve actions based on negligence, with its concomitant aspects of duty of care, proximate cause and contributory negligence." Furthermore, it is conceded that his case does not fall within explosives and the inherently dangerous substance doctrine (annotation 10 A.L.R.2d 22), for ex-

ample, dynamite caps abandoned at an unguarded place easily accessible to children (Boyer v. Guidicy Marble, Terrazzo & Tile Co., (Mo.) 246 S.W.2d 742) or oleum spirits left near a trash fire at an apartment house construction project. Paisley v. Liebowits, (Mo.) 347 S.W.2d 178. In the latter case attention was specifically called to the fact that the basis of the landowner's liability in the dangerous explosive cases was " 'not an extension of the "attractive nuisance" doctrine. It may involve some of the basic considerations which prompted the "attractive nuisance" doctrine, but it is, nevertheless, a rule independent of the "attractive nuisance" doctrine.' " 347 S.W.2d, l. c. 183.

It is in this manner that the plaintiff's appeal is presented; while the rules are noted and stated it is admitted that the case does not come within the hard-by rule or the dangerous substance rule, at the same time it is pointed out that those rules are exceptions to the doctrine of nonliability for injuries to trespassers and licensees under the rule that a property owner owes no duty to such persons to use reasonable care to keep his land in a reasonably safe condition for them and no duty to carry on his activities so as not to endanger them (Paisley v. Liebowits, supra; 2 Restatement, Torts, Sec. 333) and, despite the differences and distinctions, it is argued that this case does and should fall within still another and further exception to the doctrine of nonliability. In this connection, in view of certain Missouri cases, there may be a serious inconsistency in the appellant's position. As to another exception to the rule of nonliability, the attractive nuisance doctrine, the appellant admits that the case does not fall within that doctrine: "This plaintiff did not plead that the thing (marble) that caused his injury was the thing that attracted him onto defendant's premises, so that exception would not be applicable here." It is then admitted that this court has declined to adopt the views of sections 342 and 345 of the restatement—liability

for known dangerous conditions to gratuitous licensees—but says that Anderson v. Cinnamon, 365 Mo. 304, 282 S.W.2d 445, 55 A.L.R.2d 516, and McVicar v. W. R. Arthur & Co., (Mo.) 312 S.W.2d 805 (annotated in 65 A.L.R.2d 798 under the title "Liability of owner or operator to adult trespasser in or on motor vehicle or equipment") recognized, at least by dictum, the applicability of sections 334, 335 and 336 of the restatement (artificial conditions highly dangerous to constant trespassers upon a limited area) and urges that these rules should be extended to also include section 339 of the restatement and include and cover this case.

Section 339 has to do with the possessor of land and "harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land," under four specified conditions. 2 Restatement, Torts, Sec. 339; Doren v. Northwestern Baptist Hospital Association, 240 Minn. 181, 60 N.W.2d 361, 42 A.L.R.2d 921. The Minnesota case, incidentally, is annotated under the heading "Liability for injury to or death of child from burns caused by hot ashes, cinders, or other hot waste material." In that annotation it was said that liability turned on "general principles of negligence law, as modified in the case of children." 42 A.L.R.2d, l. c. 932. And in 1953 six states imposed liability on that theory and thirteen states, including Missouri, were said to reject it and only the Minnesota case mentioned section 339 of the restatement. In 44 A.L.R.2d 1253 and 64 A.L.R.2d 922, there are annotations on the subjects of children and buildings under construction or being demolished and it is there pointed out that in only "one instance (Minnesota) liability was imposed on a contractor under the doctrine of § 339 of the Restatement of Torts, *a rule closely related to, and sometimes equated with, the attractive nuisance doctrine*" (emphasis supplied). 44 A.L.R.2d l. c. 1254. In 145 A.L.R. 322 there is an annotation "Liability, under attractive nui-

sance doctrine or related principle, for injury to children jumping or falling from nondefective and stationary object or structure reached by climbing." It is there pointed out that there is no liability under either the attractive nuisance doctrine or "a kindred principle," section 339 of the restatement, "for an injury to a trespassing child who climbs upon and jumps or falls from a nondefective and stationary structure, at least where the structure is useful and properly located." 145 A.L.R., l. c. 323. Harper, James and Prosser are all of the view, apparently, that the basis of liability under section 339 of the restatement is not alone the attractive nuisance doctrine, but "the more flexible test of negligence which would balance these competing interests (the landowner's and the child's) on a case to case basis" and the four elements set forth in the restatement. 2 Harper & James, Torts, Sec. 27.5, pp. 1450–1460; Prosser, Torts, Sec. 76, p. 440.

Now, to return to the appellant's inconsistency and perhaps his insuperable difficulty. Whatever section 339 of the restatement may mean, in 1939 in Hull v. Gillioz, 344 Mo. 1227, 1234–1235, 130 S.W.2d 623, 627, in State ex rel. W. E. Callahan Const. Co. v. Hughes, 348 Mo. 1209, 159 S.W.2d 251, and in 1956 in Patterson v. Gibson, (Mo.) 287 S.W.2d 853, 854–856, it was said that section 339 was a restatement of the attractive nuisance doctrine but that "this court has been unwilling to extend the doctrine as far as the rules adopted by the Restatement would extend it." In those cases several items, conditions and circumstances were listed to which it was said the attractive nuisance doctrine was not applicable and it was pointed out that our cases further "limit the doctrine to situations where children's trespasses are due to the attractions of a dangerous instrumentality or condition, instead of applying it to conditions and instrumentalities that children could not see or know about without first becoming trespassers; and, second, they limit the doctrine to instrumentalities and

conditions which are inherently dangerous instead of applying it to conditions in which danger has been created by mere casual negligence under particular circumstances." 344 Mo., loc. cit. 1235, 130 S.W.2d, loc. cit. 627. In Hull v. Gillioz a stack of 43-foot "I" beams, some of which teetered or rocked, on an unfenced lot on Main Street in Monett was held to be inherently dangerous and under proof of knowledge of children playing on them it was held that plaintiff, age 8, "made a jury case under the attractive nuisance doctrine as restricted by decisions of this court." In the Callahan Construction Co. case it was held that the attractive nuisance doctrine as limited by the Hull case was not applicable to a cooper's bucket left at an easily accessible, unguarded quarry. In Patterson v. Gibson, it was held that the doctrine was not applicable to a "bridge" of loose overlapping boards across a ditch or moat around the foundation of a building under construction and a boy five years old. It was there held that the boards were not inherently dangerous and that there could be no recovery under section 339 of the restatement or the attractive nuisance doctrine as delimited by Hull v. Gillioz. The fact of these cases alone is probably sufficient to dispose of this appeal. See also Emery v. Thompson, 347 Mo. 494, 148 S.W.2d 479; Lentz v. Schuerman Building & Realty Co., 359 Mo. 103, 220 S.W.2d 58; Holifield v. Wigdor, 361 Mo. 636, 235 S.W.2d 564, and annotation 28 A.L.R.2d 218, "Liability of landowner for injury to or death of a child resulting from piled or stacked lumber or other building materials." In Emery v. Thompson, supra, to illustrate, it was held that a stack of ties on the railroad right of way adjacent to a public road and near residences was not inherently dangerous. Furthermore, it was held that the attractive nuisance doctrine was not applicable to the stack of ties and to children, including the plaintiff, age 5, playing on them.

In addition to the analogies and principles of these cases, it is not alleged here how

or in what manner this plaintiff, then age five, got on the defendant's premises or how he was injured; the petition simply alleges that the defendant owned, operated and possessed the premises and that on July 10, 1959, the plaintiff "was injured on a piece of cut, sharp, pointed and jagged marble, created and maintained by defendant," (the piece of marble is not otherwise described). It is alleged that as a result of the defendant's negligence in that defendant knew or should have known (1) that young children habitually frequented the premises, (2) that the premises involved an unreasonable risk of bodily harm to children, (3) that because of their youth children could not discover the condition or realize the risk involved, and, finally, that defendant failed to exercise ordinary care to make the condition reasonably safe, "or to warn plaintiff" or to fence the premises but habitually permitted children to frequent and play on the premises, plaintiff was injured. It is also alleged that the defendant was negligent in maintaining such condition out of doors and that the utility to the defendant of maintaining the condition was slight as compared to the risk of injury to children. Abstractly these allegations may follow or invoke section 339 of the restatement, but if these are the only facts and circumstances available to the plaintiff, they do not state a claim upon which relief could be granted, they do not hypothesize a state of facts from which the inference of negligence is permissible, and hence liability, on any theory now recognized in this jurisdiction.

For the reasons indicated the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.