**William Dale BODARD, by and through his next friend, Jack P. Bodard, Appellant,**

v.

**CULVER–STOCKTON COLLEGE, a corporation, Respondent.**

**No. 55422.**

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 11, 1971.

to be used in the intramural athletic program, and in the process of doing so some of the marking material, which was caustic lime, was expelled into his face and eyes causing injury.

The College's motion for summary judgment was sustained on the basis that it was entitled to the benefit of the doctrine of charitable immunity.

■ Plaintiff's cause of action arose before November 10, 1969, the date the doctrine of charitable immunity was abolished prospectively in this State. Abernathy v. Sisters of St. Mary's d/b/a St. Mary's Hospital, Mo., 446 S.W.2d 599. However, plaintiff argues that the declaration in that case that the doctrine of charitable immunity is abolished only as to the Abernathy case and as "to all future causes of action arising after November 10, 1969," is erroneous and should not be applied to this case because (1) the abrogation of the charitable immunity doctrine is substantive and not procedural, (2) the declaration in the Abernathy case of prospective application is dicta, and (3) the College did not rely on the charitable immunity doctrine but purchased public liability insurance.

Philip A. Grimes, Columbia, Carl F. Sapp, Scott Orr, Sapp, Woods, Dannov & Orr, Columbia, for plaintiff-appellant.

J. Andy Zenge, Jr., Dennis W. Smith, Zenge & Smith, Canton, for defendant-respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from the summary judgment of the trial court dismissing his petition for damages for personal injuries allegedly resulting from the negligence of defendant College or, as alleged in the alternative, from its maintenance of a nuisance.

Plaintiff was a student at Culver-Stockton College, a church sponsored four-year school. He was engaged on a voluntary basis in marking lines on an athletic field

■ In Burns v. Owens, Mo., 459 S.W.2d 303, it was stated that "This court is aware that in any situation where a substantive right is changed, as was the result of the Abernathy case, circumstances will arise which might appear to result in hardship or discrimination. However, the line must be drawn at some point. * * * After careful study and consideration this court came to the conclusion that the rule announced in the Abernathy case was the least objectionable." Plaintiff's argument is directed primarily to the proposition that because the change was substantive this court could not make it prospective. With that we disagree. See the cases collected in 10 A.L.R.3d 1371. As to the issue of whether the change should be prospective, and as to the contention that the rule as announced in the Abernathy case is dicta only, we are not persuaded by plaintiff's

arguments, and we decline to change the rule as previously announced. In addition, as stated in, footnote 12, 446 S.W.2d at p. 603 of the Abernathy case, "the existence of liability insurance is immaterial on the issue of liability," and we adhere to that view.

For the above reasons we find no persuasive argument justifying a change in the prospective application of the rule abolishing the charitable immunity doctrine.

■ Plaintiff next contends that he pleaded facts which show the maintenance by the College of a nuisance, and that the charitable immunity doctrine did not preclude an action for personal injuries resulting from the maintenance of a nuisance.

We cannot determine whether the trial court concluded that the doctrine of charitable immunity prevented the maintenance of an action for damages resulting from a nuisance, or whether it concluded that the alleged facts did not result in the existence of a nuisance as a matter of law and that a jury could not reasonably conclude that a nuisance existed. Although there is authority that the charitable immunity doctrine does not prevent an action for personal injuries resulting from a nuisance, 15 Am.Jur.2d Charities § 172; Vanderbilt University v. Henderson, 23 Tenn.App. 135, 127 S.W.2d 284; Smith v. Congregation of St. Rose, 265 Wis. 393, 61 N.W.2d 896, there is also authority that the immunity may not be evaded on the basis that the charity was maintaining a nuisance. Fields v. Mountainside Hospital, 22 N.J. Misc. 72, 35 A.2d 701. We find no Missouri case on this issue, but in Rodgers v. Kansas City, Mo.App., 327 S.W.2d 478, it was held that immunity to suit for governmental acts did not preclude a suit for damages based on the existence of a nuisance.

We need not now determine whether the charitable immunity doctrine previously existing in this state prevented a suit for damages based on the existence of a nuisance, because we conclude that facts are not pleaded from which the existence of a nuisance could be found.

It is possible for the same act or omission to constitute negligence and also to result in the existence of a nuisance. But, it does not follow that all acts or omissions which constitute negligence necessarily result in the existence of a nuisance. To constitute an actionable nuisance there must "be a degree of danger (likely to result in damage) inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care in its use before the question of a nuisance can properly be submitted to a jury. * * * Of course, this condition of inherent or intrinsic danger may arise either from original improper construction of a structure or from such a deterioration thereof from neglect as to warrant the conclusion than an inherently dangerous condition is intentionally permitted to exist." Pearson v. Kansas City, 331 Mo. 885, 55 S.W.2d 485, 489.

The facts relied on by plaintiff as constituting a nuisance are that the College owned and provided caustic lime for the marking of athletic fields and provided a dispenser for that purpose and failed to equip it with a lid; that caustic lime was stored and made available for use at the same location with the dispenser; and that lime made available where it can come into direct contact with the skin or any part of the body is a highly dangerous substance, and that the combination of providing lime and a dispenser without a lid was an unreasonable and unwarranted usage of the property.

The term "inherent danger" means that "danger inheres in the instrumentality or condition itself, at all times, so as to require special precautions to be taken with regard to it to prevent injury; instead of danger arising from mere casual or collateral negligence of others with respect to it under particular circumstances." Hull v. Gillioz, 344 Mo. 1227, 130 S.W.2d 623. See also Emery v. Thompson, 347 Mo. 494, 148 S.W. 2d 479. In this case, the storage of lime in marked sacks consisting of the original con-

tainers, and the making available of a dispenser, even without a lid, did not present an inherently dangerous condition in the absence of some negligent act in its use. A nuisance is a condition, and not an act or failure to act by the person responsible for the condition, and it does not depend on the degree of care used, but rather on the danger, indecency or offensiveness existing or resulting even with the best of care. 66 C.J.S. Nuisances § 11, p. 752. We conclude that the facts pleaded and shown by supporting material did not justify a finding of the presence of an actionable nuisance.

Plaintiff also contends that summary judgment was improper because it was an issue for the jury whether the defendant College was in fact a charitable organization. We note that in his brief plaintiff states that there was a hearing on this issue before the Judge of the Circuit Court of Knox County, and that subsequently that judge was disqualified and a special judge appointed. However, the transcript of that hearing is not in the record before this court, apparently because the reporter's notes are not available. Plaintiff asserts that "the depositions of defendant's officers Helsabeck [president of the College] and Schlager [business manager and treasurer] are included as a part of this record so that a portion of this evidence is before the court for consideration of this and other related issues * * * [and] there is sufficient evidence before the court to make an issue for a jury as to whether defendant college is a charity and that the trial court's conclusion of law as to this point is erroneous and should be reversed."

We note two important factors. First, plaintiff does not ask this cause be remanded for the taking of evidence again as to the charitable status of the College, and second, plaintiff does not set forth any fact which he contends to establish that the College was in fact not operating as a charity. The record before us shows that the College is engaged in the education of students for which the students pay less than the actual cost. The difference is made up from gifts and earnings from endowments. An athletic program is maintained as a part of the student activities. We do not find from the record before us that the College engages in any activity not normally engaged in by colleges and which could be considered to constitute a business enterprise which would remove its charitable status. From this record we cannot conclude that there was a fact issue as to the charitable status of the College.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court. MORGAN, P. J., DONNELLY, J., and HENLEY, Alternate J., concur.